UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Huy Ngoc Nguyen (1),
Jerome Tarlve Doe (2),
Napoleon Tutex Deah (3),
Mimi Huu Doan (5),
Quincy Chettupally (6),

           Defendants.

Criminal No. 16-340 (MJD/FLN)

**REPORT AND RECOMMENDATION**

_____

John Kokkinen, Assistant United States Attorney, for Plaintiff.
Daniel Scott for Defendant Huy Ngoc Nguyen.
Robert Owens for Defendant Jerome Tarlve Doe.
Shannon Elkins for Defendant Napoleon Tutex Deah.
William Mauzy for Defendant Mimi Huu Doan.
Ryan Garry for Defendant Quincy Chettupally.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 18, 2017, on Defendants Huy Ngoc Nguyen, Jerome Tarlve Doe, Napoleon Tutex Deah, Mimi Huu Doan, and Quincy Chettupally's respective motions to dismiss the Superseding Indictment (ECF Nos. 138, 141, 166, 171, 172); and, Defendant Doe's motion to dismiss for lack of probable cause and failure to state a claim (ECF No. 143). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Defendants' motions should be **DENIED**.

## I. BACKGROUND[1]

Defendants Huy Ngoc Nguyen, Jerome Tarlve Doe, Napoleon Tutex Deah, Okwuchukwu Emmanuel Jideofor, Mimi Huu Doan, and Quincy Chettupally (collectively "Defendants") are accused of participating in a scheme to defraud automobile insurance companies by submitting claims and receiving reimbursements for chiropractic services that either were not medically necessary or were not rendered. *See, e.g.*, ECF No. 96. Nguyen, a chiropractor and the chief executive officer of Healthcare Chiropractic Clinic, Inc. ("Healthcare Chiropractic"), is alleged to have paid Doe, Deah, and Jideofor to recruit automobile accident victims to show up for medical appointments and receive unnecessary chiropractic services at Healthcare Chiropractic. *Id.* ¶¶ 2–22. Nguyen and Doan, who was an employee of Healthcare Chiropractic and the chief executive officer of Northwest MRI Center Inc. ("Northwest MRI"), are alleged to have submitted claims for these patients to automobile insurers. *Id.* ¶ 19. Chettupally, an officer of Northwest MRI, and the registered agent of Pain Clinics of Minnesota, P.A. ("Pain Clinics of MN"), is alleged to have made illegal payments to runners in exchange for referral of automobile accident victims to Northwest MRI and to Pain Clinics of MN. *Id.* ¶¶ 10, 20. Under this scheme, Defendants are accused of causing automobile insurance companies to have paid millions of dollars as a result of false and fraudulent reimbursement claims. *Id.* ¶ 22.

On August 15, 2017, a United States Grand Jury returned a Superseding Indictment charging Defendants with one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, six counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1342,

---

[1] A more complete factual background of this case can be found in the Court's previous Orders and Report and Recommendations. *See* Orders, ECF Nos. 86, 87, 88; and R&Rs, ECF Nos. 89, 95.

and five counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 1342. *Id.* ¶¶ 23–28. As to Count 1, the Superseding Indictment states:

> From at least in or about 2010 and continuing thereafter through in or about 2016, in the State and District of Minnesota and elsewhere, [ALL NAMED DEFENDANTS] did knowingly and willfully conspire, combine, and agree with each other and with other persons known and unknown to the Grand Jury to commit mail fraud, in violation of Title 18, United States Code, Section 1341, and to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

*Id.* ¶ 24.  Counts 2 through 7 of the Superseding Indictment provide that:

> On or about the following dates, in the State and District of Minnesota and elsewhere, the defendants, as named below in each count aided and abetted by each other and by other persons known and unknown to the grand jury, having devised and intending to devise the scheme and artifice described above, caused to be sent, delivered, and moved by the United States Postal Service and commercial interstate carrier the following mailings, items, and things for the purpose of executing and attempting to execute such scheme and artifice:

| COUNT | APPROX. DATE | DEFENDANTS | MAILING DETAILS |
|---|---|---|---|
| 2 | 9/20/2013 | **[Nguyen and Doan]** | Mailing of a check from Pacesetter Adjustment company to Healthcare Chiropractic relating to patient T.B. |
| 3 | 1/09/2014 | **[Nguyen and Doan]** | Mailing of check from Illinois Farmers Insurance company to Healthcare Chiropractic relating to patient C.L.R. |
| 4 | 7/5/2014 | **[Nguyen]** | Mailing of check from Travelers Insurance company to Healthcare Chiropractic relating to patient M.G. |
| 5 | 7/14/2014 | **[Nguyen and Deah]** | Mailing of check from Country Mutual Insurance company to Healthcare Chiropractic relating to **DEAH**. |
| 6 | 1/21/2015 | **[Nguyen and Doan]** | Mailing of check from |

| | | | County Mutual Insurance company to Healthcare Chiropractic to GEICO relating to patient L.G. |
|---|---|---|---|
| 7 | 12/18/2015 | **[Nguyen and Jidoefor]** | Mailing of check from Nationwide Insurance Company to Healthcare Chiropractic relating to patient T.J. |

All in violation of Title 18, United States Code, Section 1341 and 2.

*Id.* ¶ 26. Similarly, Counts 8 through 12 of the Superseding Indictment allege that:

On or about the following dates, in the State and District of Minnesota and elsewhere, the defendants, and others known and unknown to the grand jury, having devised and intending to devise the scheme and artifice described above, caused to be transmitted by means of wire communication in interstate commerce the following writing, signs, signals, pictures, and sounds for the purpose of executing and attempting to execute such scheme artifice:

| COUNT | APPROX. DATE | DEFENDANTS | MAILING DETAILS |
|---|---|---|---|
| 8 | 8/17/2012 | **[Nguyen]** | Wire communication that processed a $1,435.00 check relating to patient M.H. deposited into a Healthcare Chiropractic account at Wells Fargo |
| 9 | 1/09/2014 | **[Nguyen and Doan]** | Wire communication that processed a $5,000.85 check relating to patient V.C.O. deposited into a Healthcare Chiropractic account at Wells Fargo |
| 10 | 7/5/2014 | **[Nguyen and Doe]** | Wire communication that processed a $1,903.93 check relating to patient C.W. deposited into a Healthcare chiropractic account at Wells Fargo |
| 11 | 7/14/2014 | **[Nguyen and Chettupally]** | Fax transmission of claims form for patient J.LF. from Healthcare Chiropractic to |

|    |           |                           | Liberty Mutual Insurance company |
|----|-----------|---------------------------|----------------------------------|
| 12 | 1/21/2015 | **[Nguyen and Chettupally]** | Fax transmission of claims form of patient J.L.F from Northwest MRI to Liberty Mutual Insurance company |

All in violation of Title 18, United States Code, Sections 1343 and 2.

*Id.* at ¶ 28.

## I. Motions to Dismiss the Superseding Indictment.[2]

Defendants' motions to dismiss are based on the same general argument as their previous motions. *See, e.g.*, ECF No. 70. Defendants argue that the Superseding Indictment should be dismissed because it does not allege a federal offense for which the Defendants' can be criminally charged. *Id*. Having reviewed the parties' submissions, the Court concludes that the Superseding Indictment adequately alleges the elements of mail fraud, wire fraud, and the conspiracy to commit mail fraud and wire fraud.

Rule 7(c) of the Federal Rules of Criminal Procedure states, "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994); *see also United States v. Hughson*, 488 F. Supp. 2d 835, 840 (D. Minn. 2007) ("In reviewing the sufficiency of an

---

[2] Defendant Chettupally has moved to dismiss the indictment instead of the Superseding Indictment. Because Defendant Chettupally was not named in the original indictment, this Court assumes that Chettupally is moving to dismiss the superseding indictment and the conclusions reached in this Report and Recommendation are based on that assumption.

5

Indictment, . . . we are to determine whether the Indictment sufficiently sets forth the elements of the offenses alleged . . . in order to place the defendant on fair notice of the charges against him, and to enable him to raise an acquittal, or conviction, so as to prevent his double jeopardy for a single offense."). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell,* 513 F.3d 820, 821 (8th Cir. 2008). An indictment will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." *United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir. 1994).

The Superseding Indictment adequately informs Defendants of the charges alleged against them and provides sufficient details to allow Defendants to raise a double jeopardy defense in any future prosecution. The elements of mail fraud include: (1) a scheme to defraud, (2) the use of mail in furtherance of that scheme, and (3) a specific intent to defraud. *See Schreiber Distrib. Co. v. Serv–Well Furniture, Co.*, 806 F.2d 1393, 1399–1400 (9th Cir. 1986); *Pereira v. United States*, 347 U.S. 1, 8 (1954). The elements of wire fraud are identical, with only the substitute of the use of wire communications instead of the mail. *See McNally v. United States*, 483 U.S. 350 (1987). The offense of conspiracy consists of an agreement between the conspirators to commit an offense, with at least one overt act to further the purposes of the conspiracy. *See* 18 U.S.C § 371; *United States v. Pelton*, 578 F.2d 701, 711 (8th Cir. 1978). Here, the Superseding Indictment alleges that Defendants committed fraud by billing insurance companies for treatment that was either not medically necessary, or not provided. Defendants, as part of their scheme to defraud, submitted claims to insurance companies for treatment of patients who participated in staged car accidents, and for patients who received services as a result of being brought to the clinic through a kickback payment to a runner. Count 1 specifically provides that the Defendants knowingly and willfully conspired to commit mail fraud and wire

fraud. ECF No. 96 ¶ 24. Counts 2 through 7 provide that Defendants, having devised a scheme to defraud, caused mail to be sent and delivered for the purpose of executing or attempting to execute their scheme. *Id.* ¶ 26. Counts 8 through 12 similarly provide that the Defendants, having devised a scheme to defraud, caused wire communications to be transmitted. *Id.* ¶ 28. The Superseding Indictment provides Defendants with dates for which mail or wire transmissions were made, the names of insurers to which claims were submitted, and names of patients that treatment was allegedly provided. *See*, *e.g*., ECF No. 96.

Defendants' argue that these allegations do not adequately allege violation of the mail/wire fraud statutes because the Government has not, and does not intend to show that the treatment was not medically necessary. The Minnesota No-Fault framework, however, permits insurance companies to deny benefits based on grounds other than medical necessity. *See Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A.*, 88 F. Supp. 3d 985, 1008 (D. Minn. 2005). As this Court has found "[a] claim can be fraudulent based on the withholding of a material fact from the insurance company, even when that material fact does not implicate medical necessity." *United States v. Forthun*, No. 16-CR-339 (MJD/FLN), ECF No. 343 (D. Minn. Sept. 25, 2017). And neither *Illinois Farmers Ins. v. Mobile Diagnostic Imaging,* No. 13-CV-2820 (PJS/TNL), 2014 WL 4104789, at *1 (D. Minn. Aug. 19, 2014) nor *Illinois Farmers Ins. Co. v. Guthman*, No. 17-CV-270 (DSD/SER) (D. Minn. Sept. 7, 2017), foreclose a federal prosecution under the facts as alleged in the Superseding Indictment.

**II.     Motion to Dismiss for Lack of Probable Cause (ECF No. 143).**

Defendant Doe asks this Court to dismiss the Superseding Indictment as to Counts 1 and 10 on the ground that the Superseding Indictment fails to establish probable cause that he entered into an agreement with Nguyen and others to defraud automobile insurers. *See, e.g.,* ECF No.

7

144. Under Count 1, Doe argues that there is no allegation that Doe knew, or would have known, that the claims being submitted by Nguyen were false. *Id.* Similarly, with respect to Count 10, Doe argues that the Superseding Indictment does not contain any allegation that Doe had a role in preparing or using wire communication related to patient C.W., or knew, or could have known, the treatments provided to patient C.W. were medically unnecessary. *Id.*

To the extent Doe challenges the sufficiency of the evidence before the grand jury, "[i]t has long been settled than an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363–64 (1956)); *see also United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977) (finding that the Supreme Court has foreclosed defendants from challenging indictments on the ground that they are not supported by sufficient or competent evidence).

Additionally, "an indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense . . ." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009). As Doe concedes, in mail fraud and wire fraud cases the Government does not need to prove that the defendant personally mailed or transmitted a document, but may simply show that the defendant committed an act with knowledge that the use of the mail would follow. *See also United States v. Kaminski*, 692 F.2d 505, 511 (8th Cir. 1992). Count 1 and Count 10 of the Superseding Indictment sufficiently charge Defendant Doe with the offenses of conspiracy to commit wire fraud and mail fraud, and wire fraud. The Superseding Indictment alleges that as part of the scheme to defraud the automobile insurers, Doe made payments to automobile accident victims to induce them to visit Healthcare Chiropractic. ECF No. 96 ¶ 6. Count I specifically provides that Doe knowingly and willfully

conspired with others to commit mail fraud and wire fraud. *Id.* ¶ 24. Count 10 alleges that Doe and Nguyen, as part of their scheme to defraud, caused a wire communication to be processed for patient C.W. *Id.* ¶ 28. The allegations provide Doe with the approximate date of the wire communication, the initials of the patient, and the name of the insurance company to whom the claim was submitted. As such, these allegations satisfy the requirement that the indictment contain all the essential elements of the offenses charged, and fairly inform the defendant of the crime for which he is charged in sufficient details so that he may prepare a defense and invoke the double jeopardy clause in any future prosecution. *See Hamling v. United States*, 418 U.S. 87, 117 (1974).

## III.   RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motions to dismiss (ECF Nos. 138, 141, 166, 171, 172) be **DENIED**.

2. Defendant Doe's motion to dismiss for lack of probable cause and failure to state a claim (ECF No. 143) be **DENIED**.

DATED: November 8, 2017                                         *s/Franklin L. Noel*
                                                                                        FRANKLIN L. NOEL
                                                                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before November 27, 2017, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by November 27, 2017 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.